**STARR v. FLEMING, Temporary Controls Adm'r.**

**No. 368.**

United States Emergency Court of Appeals.

Heard at Los Angeles Dec. 30, 1946.

Decided Feb. 17, 1947.

Abraham Gottfried, of Los Angeles Cal., for complainant.

Samuel M. Singer, of Washington, D. C. (Richard H. Field, Gen. Counsel, Carl A. Auerbach, Associate Gen. Counsel, William R. Ming, Jr., Chief, Court Review Price Branch, Israel Convisser and Murray Steyer, Attys., all of the Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and McALLISTER and LINDLEY, Judges.

MARIS, Chief Judge.

The complainant in this case is a jobber in finished piece goods who filed a protest with the Price Administrator against Maximum Price Regulation No. 127—Textile Fabrics; Cotton, Wool, Silk, Synthetics and Admixtures, issued April 27, 1942. 7 F.R. 3119. The protest was extremely vague and general but the complainant subsequently indicated that his objection was directed to Section 1400.82 (i) (2) of the regulation as amended by Amendment No. 26 (9 F.R. 14015) which prohibits charging the mark-up provided for in subparagraph (1) of the section by jobbers commencing business after May 4, 1942 on sales to cutters or manufacturers and by jobbers commencing business after September 1, 1944 on sales to any one.

The complainant also objected to an oral interpretation of the regulation by an enforcement attorney in the Los Angeles district office to the effect that the complainant was not entitled to the mark-up on piece goods sold to a manufacturer. However, since this was obviously not an authorized official interpretation and has since been expressly repudiated by the Price Administrator it need concern us no further.

The complainant asserted in the protest proceeding that he had been in business as a jobber in finished piece goods since 1940. This fact was conceded by the Price Administrator who stated in the opinion accompanying his order dismissing the protest that "there has been no claim by the Office of Price Administration that Protestant became a jobber or wholesaler of finished piece goods after May 4, 1942 nor, consequently, any ruling by the Office of Price Administration that Protestant is not entitled to the mark-ups to which other jobbers or whoesalers who were in business as such prior to May 4, 1942 are eligible."

Since it was thus established in the protest proceeding that complainant had commenced business as a jobber of finished piece goods prior to May 4, 1942 it is clear that the provisions of Section 1400.82 (i) (2) to which he objects do not apply to him. He was, therefore, not subject to those provisions within the meaning of Section 203(a) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 923 (a), and accordingly had no standing to protest them. It necessarily follows that the action of the Price Administrator in dismissing the complainant's protest was right.

At the hearing the complainant asserted that he had been denied due process because the Price Administrator incorporated an affidavit into the record of the protest proceedings on the day the protest was dismissed without giving him an opportunity to rebut it. But Section 204(a) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 924(a), and Rule 18 (b) of this Court gave the complainant full opportunity to present relevant rebutting evidence. That he did not take advantage of this opportunity is understandable when it is observed that the affidavit to which he refers supported his contention that he commenced business prior to May 4, 1942.

The complainant also asserted that the dismissal of his protest without reference to the board of reveiw which he had requested violated the Act. But as we have seen, the Price Administrator dismissed the protest because he conceded that the complainant had been in the jobbing business prior to May 4, 1942, and that accordingly Section 1400.82(i) (2) of the regulation did not apply to him. The Price Administrator's action was clearly right and was based upon his acceptance of complainant's contentions in this regard. There was, therefore, no further relief

which a board of review could have recommended to be given the complainant.

A judgment will be entered dismissing the complaint.